```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

ROBIN R. SMITH

    Plaintiff

v.                                    Civil Action No. 2:04-00604

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant


## MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the Proposed Findings and Recommendation ("PFR") of United States Magistrate Judge Mary E. Stanley, entered on June 8, 2005.

I.

Plaintiff, Robin R. Smith, filed an application for supplemental security income ("SSI") benefits on August 6, 2002, alleging disability as of March 1, 2001, due to bipolar disorder and anxiety. (Tr. at 75-77, 93.) Plaintiff's claim was denied initially and upon reconsideration. (Tr. at 46-50, 53-55.) On April 3, 2003, plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on October 10, 2003 before the Honorable Theodore Burock. (Tr. at 56, 280-312.)

By decision dated February 27, 2004, the ALJ determined the plaintiff was not entitled to benefits. (Tr. at 16-26.)  On June 17, 2004 plaintiff sought judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g). (PFR at 2.)

On June 8, 2005 the magistrate judge issued proposed findings and recommendation, finding the ALJ's decision was supported by substantial evidence and recommending the Commissioner's decision denying plaintiff benefits be affirmed. (PFR at 5.)  Plaintiff filed objections on June 16, 2005 arguing the magistrate judge erred in finding (1) the ALJ properly weighed the opinions of Mark N. Casdorph, D.O., plaintiff's treating physician beginning July, 2002, and Sheila Emerson Kelly, M.A., plaintiff's examining psychologist on July 8, 2003; (2) any misstatements of fact made by the ALJ were harmless and inconsequential; and (3) the ALJ properly posed a hypothetical question that included all of the plaintiff's limitations. (Pl. Obj. at 1-7.)

II.

Rule 72(b) of the Federal Rules of Civil Procedure provides, in part, that once a magistrate judge has entered a

recommendation for the disposition of a matter that is dispositive of the claim of a party,

> [w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) (2004).

With respect to the parts of a magistrate judge's recommendation to which specific objections have been made, the phrase "de novo determination" does not direct a district judge to conduct a specific kind of review.  Rather, to make a "de novo determination" means that a district court judge must give "fresh consideration" to the objected-to portions of a magistrate judge's recommended decision.  See United States v. Raddatz, 447 U.S. 667, 675 (1980) (discussing legislative history).  The type of "fresh consideration" a district judge chooses to exercise is a matter within the judge's discretion.  "[I]n providing for a

'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." Id. at 676. See also Aluminum Co. of Am. v. United States Envtl. Protection Agency, 663 F.2d 499, 501-02 (4th Cir. 1981) (finding a clearly erroneous standard of review "not necessarily inconsistent with the requirements of a de novo determination").

### III.

Having reviewed the record de novo, the court concludes that the ALJ appropriately characterized and weighed the evidence that was before him, and the magistrate judge accurately and fully evaluated the ALJ's decision.  Each of the areas of plaintiff's objection were addressed at length by the magistrate judge and many of her objections before the court are mere factual recitations.  To the extent plaintiff asserts defects in the magistrate judge's analysis, however, the court finds those challenges to be without merit.  The record supports the finding of the ALJ.

**A.   ALJ's Analysis of the Evidence**

Plaintiff contends the magistrate judge incorrectly affirmed the ALJ's rejection of the opinions of Dr. Casdorph, plaintiff's treating psychologist, and Ms. Kelly, plaintiff's examining psychologist.  (Pl. Obj. at 2-3.)  Plaintiff notes Dr. Casdorph had treated her for over one year, had not been successful in sustaining her mood and concluded the plaintiff was severely limited by her mental condition.  (<u>Id.</u>)  Additionally, plaintiff contends Ms. Kelly's conclusion that the plaintiff would perform unsatisfactorily at least part of the time in the areas of attention, concentration, performing on schedule, maintaining regular attention, and completing a normal workday is entitled to great weight.[1]  (<u>Id.</u>)

As the ALJ and magistrate judge explained, the opinion of Dr. Casdorph was entitled to little weight as Dr. Casdorph failed to provide documentation or objective support explaining

---

[1] To support her position, plaintiff cites <u>Yaw v. Apfel</u>, 9 F. Supp. 2d 1057, 1067 (S.D. Iowa 1998) holding an ALJ erred in ignoring the opinions and evidence supplied by two examining psychologists, which were consistent with each other and not contradicted by other evidence in the record.  However, <u>Yaw</u> is inapplicable here as Dr. Casdorph's opinion was not entirely consistent with that of Ms. Kelly nor was the record void of evidence contradicting their opinions.

5

how he reached his conclusion. (Tr. at 20, 23; PFR at 9.) Also, Dr. Casdorph's limited treatment casts doubt on his conclusion, as the plaintiff only visited Dr. Casdorph every three months for medication checks or "as needed." (Tr. at 289.)

Similarly, the ALJ and magistrate judge both noted that Ms. Kelly's opinion appears to be inconsistent with her observations and, therefore, entitled to little weight. The plaintiff reported to Ms. Kelly that her anxiety attacks were under control and the last one had been mild occurring three months earlier. (Tr. at 198.) Plaintiff also reported to Ms. Kelly that she was dating, shopping, doing household chores, going out to eat occasionally, to nightclubs once a month, and riding four-wheelers. (Tr. at 19-22, 201.) Finally, Ms. Kelly further found that the Plaintiff's range of affect was good, her mood was within normal limits and there was little evidence to support a bipolar disorder. (Tr. at 201-202.) These observations contradict not only her own opinion but that of Dr. Casdorph, who opined that plaintiff suffered from a bipolar condition. (Tr. at 166.)

Furthermore, ample evidence existed to support the ALJ's conclusion. State agency medical sources opined that the plaintiff's mental impairments were not severe or moderately

limiting and, to the extent plaintiff was impaired, those impairments were capable of improvement with medication. (Tr. at 162, 164, 177.) Treatment notes from Robert C. Byrd Health Sciences Center indicate that the plaintiff's condition did indeed improve with medication. (Tr. at 134.) Dr. Naveaux also opined that the plaintiff could perform simple one and two step work tasks if she took medication on a regular basis. (Tr. at 149.) The opinions of these doctors support the conclusion reached by the ALJ.

B.  Alleged Factual Errors Relied Upon by ALJ in Denying Plaintiff's Claim

Next, plaintiff alleges the ALJ made the following factual errors when the ALJ incorrectly referenced (1) plaintiff's multiple marriages and her spouse being released from prison; (2) a seven month gap in plaintiff's treatment; and (3) Dr. Casdorph as being the doctor who wanted plaintiff to go back to school. Plaintiff asserts these errors were relied upon to attack the credibility of the plaintiff, Ms. Kelly, and Dr. Casdorph.

With respect to plaintiff's marital status and her spouse's release from prison, plaintiff fails to point out how

these facts were used to attack her credibility.[2]  While the ALJ could have been more careful with these facts, the ALJ merely used the facts to acknowledge the stressors in the plaintiff's life. (Tr. at 18, 20.)  Nonetheless, plaintiff's credibility was damaged without these facts, most notably when she made numerous statements during her testimony that contradicted her statements to Ms. Kelly.[3]

Addressing the ALJ's alleged mistaken reference to a gap in treatment, there was not a seven month gap in medical treatment as the ALJ recited after relying on the notation of Ms. Kelly.  (PFR at 18.)  However, the record does demonstrate a gap in plaintiff's in person treatment that exceeded 9 months.[4]  As the magistrate judge explained, to the extent the ALJ made any error in noting a seven month gap in treatment, it was harmless.

---

[2] Plaintiff was married only once and it was her father, not her spouse, who was being released from prison. (PFR at 17-18.)

[3] Plaintiff testified that she saw her boyfriend only twice a week and that they did not go anywhere, while plaintiff told Ms. Kelly she had a boyfriend she saw daily and they went out to eat occasionally, to nightclubs once a month, and sometimes rode four-wheelers. (Tr. at 19-22, 201.)

[4] From August 31, 2001 to June 6, 2002 plaintiff's only medical treatment was three telephone consultations with Drs. McClellan and Devaraj at the Robert C. Byrd Health Sciences Center. (Tr. at 134-138.)

Similarly, the ALJ's mistaken reference to Dr. Casdorph as the physician who wanted the plaintiff to go back to school is an immaterial mistake.[5] Plaintiff does not dispute the fact that Dr. McClellan wanted her to return to school and yet another doctor, Dr. Devaraj, cleared the plaintiff to return to school. (Tr. at 278.) As plaintiff's objection to the ALJ's mistaken reference to Dr. Casdorph does not dispute the underlying fact that two of plaintiff's treating doctors felt plaintiff could return to school, any mistaken reference by the ALJ was a harmless error.

C.  Appropriateness of ALJ's Hypothetical Question Proposed
    to the Vocational Expert

Plaintiff's final objection alleges the ALJ did not include all of the plaintiff's limitations in the hypothetical question. The particular hypothetical posed by the administrative law judge to Posey, the vocational expert, states as follows:

> Q.  Assume an individual the claimant's age, education, work experience who has a residual functional capacity for medium work. Non-

---

[5] It was actually Dr. McClellan who refused to write an excuse for plaintiff to withdraw from school. The ALJ relied on Ms. Kelly's record notation which indicated that plaintiff had told her it was Dr. Casdorph who had refused to write her an excuse. (Tr. at 198-199.)

> exertionally limited to routine, repetitive
> tasks, only incidental public contact. Is the
> claimant able to perform past relevant work?

(Tr. At 303.) In response to this question, Posey opined that the plaintiff could do the job of assembler, or if no production line or piece rate work was involved, plaintiff could also be employed as a warehouse worker, vehicle cleaner, or groundskeeper. (Tr. at 304.) In her objections, plaintiff complains the limitations suggested by both Dr. Casdorph and Ms. Kelly should have been included in the hypothetical question. (Pl. Obj. at 6.) It is well accepted that a hypothetical question should include all of a claimant's limitations supported by substantial evidence of record. <u>Walker v. Bowen</u>, F.2d 47, 51 (4th Cir. 1989). However, as discussed above, and at length by the magistrate judge, the opinions of both Dr. Casdorph and Ms. Kelly were not supported by substantial evidence, and as such, need not have been included in the ALJ's hypothetical question.

### IV.

For the reasons stated, and having reviewed the record <u>de</u> <u>novo</u>, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that defendant's motion for judgment on the

**pleadings be, and it hereby is, granted, and that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied. It is further ORDERED that the final decision of the Commissioner be, and it hereby is, affirmed.**

**The clerk is directed to forward copies of this order to all counsel of record and the United States Magistrate Judge.**

DATED: September 12, 2005

John T. Copenhaver, Jr.
United States District Judge

11